IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | | |
|---|---|---|
| **MARGARET MONTGOMERY,** 3570 West Smithville Western Rd., Wooster, OH 44691 | : : : : | Case No.: 5:20-cv-2267 |
| **Plaintiff, for herself and all others similarly situated,** | : : : | JUDGE MAGISTRATE JUDGE |
| vs. | : : : | |
| **THE HOLMES COUNTY SHERIFF'S OFFICE,** 8105 Township Rd. 574 Holmesville, OH 44633 | : : : : | **Jury Demand Endorsed Hereon** |
| c/o Sean Warner Holmes County Prosecutor's Office 164 E. Jackson St. Millersburg, OH 44654 | : : : : : | |
| **Defendant.** | : | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Margaret Montgomery ("Plaintiff"), on behalf of herself and all others similarly situated, and proffers this Complaint for damages against Defendant Holmes County Sheriff's Office ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Ohio Minimum Fair Wage Standards Act., R.C. Chapter 4111.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio, and Defendant is doing and have done substantial business in the Northern District of Ohio.

## THE PARTIES

5. Plaintiff Montgomery is an individual, a United States citizen, and a resident of Wayne County, Ohio.

6. At all times relevant herein, the Plaintiff was an "employee" of Defendant's as that term is defined in the FLSA and R.C. Chapter 4111.

7. Defendant Holmes County Sheriff's Office operates the Holmes County Jail, a full-service detention center, located in Holmes County, Ohio.

8. At all times relevant herein, Defendant was an "employer" as that term is defined by the FLSA and R.C. Chapter 4111.

9. At all times relevant herein, Defendant has been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant's constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of business of at least $500,000.00, and/or Defendant is an activity of a public agency.

10. Upon information and belief, at all times relevant herein, Defendant was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

11. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime compensation under the FLSA. The consent is filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

12. Defendant operates a jail located at 8105 Township Road 574 in Holmesville, Holmes County, Ohio.

13. Defendant employs approximately 14 Corrections Officers at the jail at any given time.

14. Defendant operates three shifts. Typically, three or four Corrections Officers work on each shift, along with one Sergeant.

15. Corrections Officers are paid on an hourly basis.

16. Corrections Officers are typically scheduled to work 40 hours per week.

17. Defendant requires Corrections Officers to arrive no later than 15 minutes prior to the start of every shift to attend a pre-shift meeting.

18. The meetings typically last 15 minutes.

19. During the meetings, the Sergeant discusses noteworthy events that occurred on the previous shift; provides a report of new bookings; explains tasks that must be completed on the Corrections Officers' shifts; provides reports regarding inmate medical issues, dangerous behavior, special needs, or suicide watch; and addresses any other outstanding issues.

20. Corrections Officers' attendance at pre-shift meetings is mandatory.

21. If Corrections Officers do not attend the meetings, or are late to the meetings, they are disciplined.

22. The meetings are integral and indispensable to the principal activities that Corrections Officers are employed to perform.

23. Corrections Officers are unable to dispense with attendance at the pre-shift meetings if they are to perform their principal job duties.

24. However, Defendant refuses to compensate Corrections Officers for time spent at mandatory pre-shift meetings.

25. Thus, Corrections Officers are not compensated for overtime owed to them for all hours worked in excess of 40 in each workweek, including time spent in the pre-shift meetings.

**Named Plaintiff's Experience**

26. Plaintiff Montgomery began her employment with Defendant on or around January 16, 2020.

27. Plaintiff was employed with Defendant as a Corrections Officer.

28. At all times, Plaintiff was paid on an hourly basis, at a rate of $17.09 per hour.

29. Plaintiff was scheduled to work five (5) days per week.

30. Plaintiff's scheduled shift began at 12:00 a.m. and ended at 8:00 a.m.

31. Plaintiff did not have a designated lunch break. Rather, Plaintiff was instructed to eat while performing her job duties whenever she had a chance.

32. Plaintiff was required to arrive for the start of each shift no later than 11:45 p.m. to attend the mandatory pre-shift meeting.

33. Plaintiff was not paid for the time spent in the 15-minute mandatory pre-shift meetings. As a result of Defendant's failure to compensate Plaintiff for this time, she was not paid the 1.25 hours of overtime owed for all hours worked in excess of 40 each workweek.

34. Plaintiff complained about Defendant's failure to pay its Corrections Officers for time spent in the pre-shift meetings. Plaintiff was told that Defendant's Sheriff refuses to pay Corrections Officers for this time.

35. On or around September 6, 2020, Plaintiff submitted her notice of resignation.

### FIRST CAUSE OF ACTION
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. Plaintiff bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Corrections Officers employed by Defendant during the previous three years, who were paid on an hourly basis and did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40, including time spent in pre-shift meetings.

38. Upon information and belief, in the three years prior to the date of filing this Complaint, Defendant has employed more than 60 Corrections Officers. These other Corrections Officers are similarly situated to Plaintiff and are referred to herein as Similarly Situated Persons or "SSPs".

39. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all Corrections Officers employed by Defendant, and she is acting on behalf of their interests as well as her own in bringing this action.

40. The SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it

5

pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

41. Plaintiff and the SSPs are paid on an hourly basis.

42. Plaintiff and the SSPs are not exempt from the overtime requirements of the FLSA.

43. Plaintiff and the SSPs were not paid an overtime premium for all hours worked over 40 in a workweek, including time spent in pre-shift meetings.

44. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per week—including their time spent in pre-shift meetings, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for <u>all</u> hours worked in excess of 40 per week.

45. Defendant knew or should have known that it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40, including time spent in pre-shift meetings.

46. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

**SECOND CAUSE OF ACTION**
**OMFWSA R.C. 4111.03 - Failure to Pay Overtime**

47. All of the preceding paragraphs are realleged as if fully rewritten herein.

48. This claim is brought under Ohio Law.

49. Defendant's repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) per workweek, including time spent in pre-shift meetings, is a violation of Section 4111.03 of the Ohio Revised Code.

50. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated individuals are entitled to and pray for the following relief:

A. Designation of this action as a collective action pursuant to the FLSA on behalf of the collective action members and prompt issuance of notice to all similarly situated members of the proposed opt-in class, notifying them of this action, and permitting them to assert their timely claims for overtime payment in this action;

B. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and OMFWSA;

C. An injunction against Defendant from engaging in each of the unlawful practices, policies, and patters set forth herein;

D. An award of unpaid overtime wages due under the FLSA and OMFWSA;

E. An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

F. An award of prejudgment and post judgment interest;

G. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H. Such other legal and equitable relief as this Court deems appropriate.

                                     Respectfully submitted,

                                 /s/ *Greg R. Mansell*
                                 Greg R. Mansell (0085197)
                                 (*Greg@MansellLawLLC.com*)
                                 Carrie J. Dyer (0090539)
                                 (*Carrie@MansellLawLLC.com*)
                                 **Mansell Law, LLC**
                                 1457 S. High St.
                                 Columbus, OH 43207
                                 Ph: 614-610-4134
                                 Fax: 614-547-3614
                                 *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

                                     /s/ *Greg R. Mansell*
                                     Greg R. Mansell (0085197)