IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | | |
|---|---|---|
| **MARGARET MONTGOMERY**, for herself and all others similarly situated, | : : : | |
| Plaintiffs, | : : | Case No.: 5:20-cv-2267 |
| v. | : : | Magistrate Judge Kathleen B. Burke |
| **TIMOTHY W. ZIMMERLY, HOLMES COUNTY SHERIFF,** | : : : | |
| Defendant. | : : | |

## FINAL APPROVAL ORDER

Before the Court is the Parties' Joint Motion for Approval of Collective Action Settlement Agreement. Based on the following, the Court hereby ORDERS and ADJUDGES that the motion is GRANTED and the Collective Settlement Agreement (the "Settlement Agreement") is APPROVED.

1. The standard for approval of a settlement brought under Section 216(b) of the Fair Labor Standards Act ("FLSA") is that the settlement should be approved if it resolves a bona fide dispute, is the result of contested litigation, and is fair and reasonable to all parties. *See e.g.*, *Ford v. Carnegie Mgmt. Servs., Inc.*, 2017 WL 4390294, at *2 (S.D. Ohio Oct. 3, 2017); *Feiertag v. DDP Holdings, LLC*, 2016 WL 4721208, at *3-4 (S.D. Ohio Sept. 9, 2016). In this case, the Settlement Agreement resolves a bona fide dispute, is fair and reasonable to all parties, and is the product of contested litigation. The Settlement Agreement is therefore approved pursuant to Section 216(b) of the FLSA. *See* 29 U.S.C § 216(b).

    a. Upon entry of this Final Approval Order, it is understood and agreed that Plaintiffs release Defendant and the Released Parties (as defined in the Settlement Agreement)

from all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, accrued or unaccrued, present or future, whether claims are based in statute, contract, or tort, which were brought or could have been brought against the Released Parties as of the Effective Date and which did arise, in whole or in part, or relate in any way, to the subject matter of, or the conduct, acts, omissions, transactions, events, policies, disclosures, statements, occurrences, or causes of action, alleged in the Complaint or Amended Complaint filed in this Lawsuit, including without limitation, claims regarding or for alleged unpaid overtime wages (in whatever form of calculation), liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or other compensation and relief arising under the FLSA, the Ohio Revised Code, Chapter §4111 *et seq.*, and/or any other state or local wage-related law with respect to the time that Plaintiffs were employed or otherwise in a relationship with Defendant which were asserted or which could have been asserted prior to the date of the Court's Order approving this Agreement.

2. The Court approves the Settlement Agreement, and orders that it be implemented according to its terms and conditions as directed herein.

3. The Court approves the individual Settlement Payments to Plaintiffs as set forth in the Settlement Agreement.

4. The Court approves the award to Mansell Law, LLC for their attorneys' fees and cost reimbursements as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, as set forth in the Settlement Agreement.

5. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendant. Neither this Order, the Settlement Agreement, nor any other

documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: 1) of an adjudication of the merits of this case; 2) of an adjudication of any of the matters released in the Settlement Agreement or through any Plaintiff's cashing of any payment pursuant to the Agreement; or (3) that Defendant, Released Parties, or others have engaged in any wrongdoing.

6. Without affecting the finality of this Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Order as may be necessary or appropriate for the construction and implementation of the terms of the Settlement Agreement.

7. This action is hereby dismissed in its entirety as against Defendant with prejudice, and without attorneys' fees or costs to any party except as provided in this Order and in the Settlement Agreement. This Order is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

8. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

IT IS SO ORDERED.

8/3/2021  
Date

*/s/ Kathleen B. Burke*  
KATHLEEN B. BURKE  
UNITED STATES MAGISTRATE JUDGE